# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Victor M. Kern, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Case No. 3:15-cv-15 |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Star Bank, Verndale, MN, | ) | |
| First National Bank, Wadena, MN, | ) | |
| Wadena County Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

| Victor M. Kern, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | Case No. 3:15-cv-24 |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Steven K. Ma[r]den Law Office, | ) | |
| | ) | |
| Defendant. | ) | |

Victor M. Kern was granted leave to proceed in forma pauperis (IFP) in two cases. Case No. 3:15-cv-15 alleges claims against two Minnesota banks and against a Minnesota county sheriff. Case No. 3:15-cv-24 alleges claims against Steven K. Marden Law Office. This court has reviewed the pleadings in both cases and **RECOMMENDS** that both cases be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. Additionally, this court **RECOMMENDS** that the motions filed in Case No. 3:15-cv-15 be **DISMISSED** as moot.

**Facts**

**1.     Case No. 3:15-cv-15**

Kern identifies himself as a Minnesota resident. His complaint contains a seven page, single-spaced narrative of various disputes Kern has had with two Minnesota banks (Star Bank of Verndale and First National Bank of Wadena), disputes concerning Kern's patent, assertions of law enforcement interference with work of his construction company in North Dakota and in other states, problems with his birthdate being incorrect on a drivers license, and references to child support enforcement proceedings. Although the Wadena County Sheriff is named as a defendant, the sheriff is not otherwise mentioned in Kern's complaint.

On the civil cover sheet, Kern identified federal question as the jurisdictional basis of his claims. (Doc. #1-2). His brief description of the cause of action is "credit - patent production, income loss, job security." Id. For the demand amount, Kern entered "all service charge & int," and he identified a related case only as one handled by "MJ Davis."[1] Id.

The complaint includes the following statements under the heading of "Jurisdiction":

> I worked for Cyclone Drilling Co. as a motorman, Patterson-UTI as a head floor hand-motorman, And Ottertail Coaches, as a school bus mechanic and target logistics buses for oilfield workers, at each I lost my position in rank and advancement even though the breakdown and repair costs went down, while repairing my credit through Dakota West Bank, we were repairing a credit problem that was already financed through the Star Bank in 2008, and I and the banker both corresponded, with the individual creditors, all were already supposed to be paid off in full, and months later found, none had been satisfied in full. I was in the process of establishing banking through North Dakota, on all our property and bill, marketing a patent and certain, copyrighted materials, and each time I would get ahead of bills and start to market the first patent and another, banking or credit problem would arise, through the Star Bank.

---

[1] This may be a reference to Victor M. Kern Construction Co. v. Carr, No. 11-124, 2011 WL 2601796 (D. Minn. July 1, 2011), which was decided by Chief Judge Michael J. Davis of the District of Minnesota.

> I had already inquired on the different ways to resolve the debt, With the Star Bank, I also checked on bankruptcy refinance at the Federal Level, but we owned enough collateral, to market a patent and on property we purchased, as lots, which we had kept as lots, costing more on property taxes. I had also inquired on refinance on all property through Dakota West, and other banks, as their was a problem with the my satisfaction of debt, I had financed and was making payments to, one was property in Minnesota purchased for 20,000, for the sole purchase of lots, establishing homes on those lots, for rental or resale, on the first home we, could purchase for 6000.00 and easily sell for 20,000 or more with one lot, the banker, shut down all our credit after checking on permits and digging for the basement. We filed with the Federal Court, because of the present problems with the Star Bank, and each and every time we wanted the note transferred to another branch or bank we were denied, with excellent credit and collateral for many years.
>
> I do not find it in any way Constitutional for a bank, to deny credit, when we had already purchased a backhoe, for 10,000, had all the equipment to build, none was financed, the loan was for the sole purpose of housing, on lots, Lot 5,6,7,8. We have dealt with the Star Bank before, they had always been paid, there was no reason to stop our credit, for housing, or try to foreclose on our home, a separate parcel, purchased in 1989, and paid off, borrowed around 30,000 to put on a home on, in around 2003, and that banknote was paid off, in full, years ago, to the Star Bank.
>
> Our credit went down at the same times, we could have been building homes, and marketing a U.S. Patent which now has fees coming due, and I do not find it coincidence or Constitutional the originals patent has vanished from my property with fees coming due in April/2015, or that our internet service, with copyright bumpers, and citizens aptitude testing for voters has not produced one sale, to my bank account. And we have notified the patent office, I am not incorporated. The reason we filed in Federal Court. Had we not used credit with this bank on property for homes, I could have easily paid all our present homestead taxes, insurance, saved on interest, and would have avoided going through a separate bank to refinance in North Dakota, what should have already been settled through the Star Bank.

(Doc. #7, pp. 2-3).

Kern has filed two motions in Case No. 3:15-cv-15: a motion "for Re-examination and . . . to excuse Sally I. Robertson," (Doc. #5), and a "Motion for Property - Keys," (Doc. # 9). Attached to the motion for re-examination are February 17, 2015, documents from a Minnesota district court action, signed by Judge Sally Ireland Robertson, ordering Kern's eviction from a

property in Wadena County, Minnesota. Also attached to the motion for re-examination is a December 2012 employee corrective action form directed to Kern as an employee of Patterson-UTI. The court interprets the motion for re-examination as a request to overturn the Minnesota eviction action, to order that Judge Robertson be excused from the Minnesota eviction action, and to overturn the employer's corrective action. Review of Minnesota state court public records shows that Judge Robertson also presided in a case where Kern was convicted for failure to support a child. Minnesota Trial Court Public Access (MPA) Remote View, http://pa.courts.state.mn.us/default.aspx (last visited May 8, 2015). Attached to Kern's motion concerning return of property is an April 14, 2014, letter from Star Bank concerning Kern's non-payment of safe deposit box rental fees.

**2.     Case No. 3:15-cv-24**

In Case No. 3:15-cv-24, Kern named Steven K. Marden Law Office as the sole defendant, listing the defendant's address as St. Paul, Minnesota. At several places in his factual recitation, Kern referred to Steven K. Marden (Marden) as his relative or as his cousin. He also referred to having been given Marden's obituary notice but not believing "this is fact." (Doc. #5, p. 12). This court's search of public records of Minnesota attorneys revealed that Steven K. Marden is deceased. An obituary lists his date of death as February 11, 2013. Duluth News Tribune, http://www.duluthnewstribune.com/content/steven-k-marden (last visited May 8, 2015). A search of public records found no existing entity called "Steven K. Marden Law Office."

Kern's civil cover sheet in Case No. 3:15-cv-24 again identifies the basis for jurisdiction as federal question, and the brief case description states "defendant violated - lawyer & client contract - patent law - constitutional - patent, banking, etc. - faked." (Doc. #5-2). The

4

complaint's factual narrative is more than twelve single-spaced pages. (Doc. #5, pp. 5-17). The narrative includes assertions concerning patent marketing, illegal property searches, "job interference by police," id. at 5, Kern's contractor's license, child support and parenting time disputes, duplicate birthdates, Kern's copyrighted citizen aptitude test, "Constitutional misinterpretation of travel for work related process," id. at 8, and various other matters. The complaint alleges that Marden should have initiated lawsuits on Kern's behalf regarding the various issues described in the factual narrative.

**3.     Other Litigation**

A search of public records reveals that Kern has initiated other cases involving some of the same matters described in the narratives of both Case Nos. 3:15-cv-15 and 3:15-cv-24. In dismissing a complaint including assertions about a patent, Chief Judge Michael J. Davis of the District of Minnesota described Kern's complaint as "largely incomprehensible." Victor M. Kern Construction Co. v. Carr, No. 11-124, 2011 WL 2601796, at *1 (D. Minn. July 1, 2011).

In Kern v. Ballard, a magistrate judge for the District of Minnesota recommended that Kern's application to proceed IFP be denied and that the case be summarily dismissed. No. 11-2467, 2011 WL 4436640, at *1 (D. Minn. Sept. 6, 2011). The magistrate judge observed that the complaint made vague references to patents and patent infringement, stating:

> The complaint is plainly inadequate, because it does not present a clear, comprehensible and credible description of any specific acts or omissions by any of the named Defendants. Plaintiff has not presented an intelligible description of any specific historical events, showing what the named Defendants allegedly did (or failed to do) that has caused them to be sued. Furthermore, Plaintiff has not described any plausible legal basis for his lawsuit, nor has he identified any specific past or impending injury that might be redressable by a court order or judgment.

Id.

Another case that Kern filed in the District of Minnesota was dismissed for lack of subject matter jurisdiction and lack of personal jurisdiction. Order, <u>Kern v. Minnesota</u>, No. 12-2816 (D. Minn. Apr. 25, 2013), ECF No. 32. District Judge Richard H. Kyle, as had Chief Judge Davis in an earlier case, described the complaint as "largely incomprehensible." <u>Id.</u> at 1. Portions of the complaint quoted in Judge Kyle's order refer to some of the same matters that Kern has alleged in the two cases pending before this court. Judge Kyle's order warned that Kern might be sanctioned for future frivolous filings. <u>Id.</u> at 3.

In addition to the federal cases, Kern has been involved in various litigation in Minnesota state courts, some of which include one of the banks named as a defendant in Case No. 3:15-cv-15. <u>See</u> Minnesota Trial Court Public Access (MPA) Remote View, http://pa.courts.state.mn.us/default.aspx (last visited May 8, 2015).

**Law and Discussion**

Pursuant to 28 U.S.C. § 1915(e)(2), a case filed by a party proceeding IFP is to be dismissed if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune to a claim for monetary damages.

Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Rule 8 also requires that a complaint "plead enough facts to state a claim that is plausible on its face." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007). A court must determine whether the facts in a complaint "plausibly give rise to an entitlement of relief." <u>Ashcroft v. Iqbal</u>, 556 U.S.662, 678 (2009). A complaint must give a defendant fair notice of the claims. <u>Twombly</u>, 550 U.S. at 555.

Neither of Kern's complaints meet the requirements of Rule 8. The court is not able to discern what causes of action might be alleged in Case No. 3:15-cv-15; a short and plain statement showing entitlement to relief is lacking. The court interprets Case No. 3:15-cv-24 as alleging claims of legal malpractice involving two parties who are both citizens of the same state. Existence of subject matter jurisdiction and of personal jurisdiction is dubious in both cases. If there were a basis for federal court jurisdiction, venue would likely lie in the District of Minnesota. Like the complaints described by the District of Minnesota judges, Kern's complaints in both cases before this court are largely incomprehensible. The court therefore **RECOMMENDS** that both cases be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). In the absence of personal or subject matter jurisdiction, dismissal must be without prejudice. <u>Hart v. United States</u>, 630 F.2d 1085, 1091 (8th Cir. 2011). In light of the recommendation that the case be dismissed, the motions filed in Case No. 3:15-cv-15 should be **DISMISSED** as moot.

**Conclusion**

By failing to comply with the requirements of Federal Rule of Civil Procedure 8, Kern fails to state a claim upon which relief may be granted. Accordingly, it is **RECOMMENDED** that Kern's complaints in Case Nos. 3:15-cv-15 and 3:15-cv-24 be **DISMISSED** without prejudice. It is further **RECOMMENDED** that the court find any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Dated this 11th day of May, 2015.

                                                 */s/ Alice R. Senechal*
                                                 Alice R. Senechal
                                                 United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than **May 26, 2015**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.